UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**EUGENE CUYPERS,**  Civil No. 04-3906 (JRT/JGL)

  Plaintiff,

  v.  **REPORT AND RECOMMENDATION**

**LYNN M. DINGLE, ERIK SKON, MARK THIELEN, and BARBARA STOLTZ,**

  Defendants.

---

APPEARANCES

Eugene Cuypers, pro se, Minnesota Correctional Facility, 5359 Osgood Avenue North, Stillwater, Minnesota 55082

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion for Voluntary Withdrawal of Suit. This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on August 26, 2004. Plaintiff now moves to voluntarily dismiss the case under Federal

Rule of Civil Procedure 41(a).  Rule 41(a) provides for voluntary dismissal by a plaintiff's notice, a stipulation by the parties, or a court order.

> (1) By Plaintiff; by Stipulation.  Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
>
> (2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a).

Although Plaintiff does not specify under which section he is moving, the Court finds that section (a)(1)(i) is applicable here.  Defendants

have not answered the complaint or moved for summary judgment.  As such, Plaintiff was entitled to voluntary dismissal without prejudice by merely filing a notice of dismissal; he was not required to file a motion.  Accordingly, the Court recommends that Plaintiff's motion be treated as a notice of dismissal and that his motion, in effect, be granted.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Voluntary Withdrawal of Suit (Doc. No. 14) should be **GRANTED**.  This case should be **DISMISSED WITHOUT PREJUDICE**.

Dated:   July 13, 2005

   s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by  July 29, 2005  .  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.